### BALDWIN'S BANK OF PENN YAN v. MORRIS.

*(Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. PARTNERSHIP—INDORSEMENT OF FIRM NAME—RATIFICATION.
   A note indorsed in the firm name by one of three partners without the authority of the others was discounted by a bank on the faith of such indorsement, and its avails placed to the credit of the firm. The bank pass-book of the firm, containing an entry of the note and of its avails, was mainly kept in the custody of one of the other partners, who had charge of the details of the business, and who within the same month drew out all of said avails by checks, for use either of individual members of the firm or in its business. *Held,* that he ratified the unauthorized indorsement of his partner.

2. SAME—RENEWAL OF INDORSEMENT.
   The ratification of the unauthorized indorsement of a note in the firm name, made by one of the partners, gives such partner an implied authority to indorse the renewals of the same note.

Appeal from special term, Yates county.

Action on a promissory note by Baldwin's Bank of Penn Yan against W. T. Morris and others. Verdict for plaintiff. From an order denying a new trial, defendant Morris appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*John Gillette,* for appellant.   *M. A. Leary,* for respondent.

DWIGHT, P. J. The action, so far as this appeal is concerned, was on a promissory note for $500, dated February 28, 1883, made by one Farmer to the order of the Farmer Manufacturing Company, and indorsed by that com-

pany, and also by Ralph T. Wood in the firm name of Wood, Butler & Morris. That firm name represented an existing copartnership, of which Wood and the defendant Morris were members, formed for the practice of the law, at the village of Penn Yan; and the question on this appeal is of the authority of Wood to bind the defendant Morris by the indorsement mentioned. The note was the second renewal of an original note, dated May 5, 1882, made by the same maker, in the same terms, and bearing the same indorsements. The original note was discounted by the plaintiff on the faith of the indorsement of Wood, Butler & Morris, and its avails were placed to the credit of that firm in their account current with the bank on May 5, 1882, and were wholly drawn out within the same month by checks drawn by the defendant Morris, for use either of individual members of the firm or in its business. The bank pass-book of the firm is in evidence. It was kept mainly in the custody of the defendant Morris, who, by the terms of the articles of copartnership, was to have "the especial management of the office, and keep the details of the business of said firm." It contains the entry of the note and of its avails to the credit of the firm under date of May 5, 1882. It shows that on that day, before the entry of the note, the balance to the credit of the firm was $25.52; that on the same day the defendant Morris drew a check for $124, on the next day a check for $71; and that before the end of the month—there having been no further entry on the credit side of the account—he had drawn checks to the extent of an overdraft of $66.60. After this there was never but one more entry in the account to the credit of the firm, viz., of a note of other parties of about $500, and when that was exhausted the account was closed. It was impossible for the jury not to find that the defendant Morris knew that he and his firm were having the benefit of the avails of the note of May 5, 1882; and it was at least permissible for them to find that he knew, or was chargeable with knowledge, of the source of that credit to his firm, namely, the indorsement of the note in the firm name by one of his partners. In other words, the jury was clearly justified in finding that, if the indorsement by Wood of the original note was unauthorized when made, it was fully ratified by the defendant Morris, by the use which he made of the credit derived therefrom, and that the ratification of that indorsement constituted an implied authority to indorse the renewals of the same note. This was apparently the theory upon which the learned judge at the circuit submitted the case to the jury. He correctly instructed them that there was no evidence of a ratification of the indorsement of the renewal note. A ratification necessarily follows the act ratified, and implies knowledge of that act; and there is not in this case evidence of such a ratification. But he submitted to the jury the question whether there was express authority to make the indorsement in question. We would have rather said, implied authority; but our difference is only in the name, for the jury was clearly instructed that the authority spoken of might be implied from the same circumstances as those to which we have referred as constituting a ratification of the original indorsement. The verdict of the jury is equally supported by evidence of an implied as by that of an express authority. We regard the verdict against the defendant Morris as amply supported by the evidence of his ratification of the indorsement of the original note, and of the authority to be inferred therefrom—as between him and the holder of the note—to indorse the renewal. The order denying the motion for a new trial should be affirmed. All concur.